UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHANGHAI ELE MANUFACTURING CORPORATION,<br><br>Movant,<br><br>v.<br><br>TOWER MANUFACTURING CORPORATION,<br><br>Respondent. | ACTION TO COMPEL COMPLIANCE WITH SUBPOENA PURSUANT TO FED. R. CIV. P. 45<br><br>Case No. _______________ |

**AFFIDAVIT OF LAWRENCE T. STANLEY, JR.**

I, Lawrence T. Stanley, Jr., do hereby state and depose under oath as follows:

1. My name is Lawrence T. Stanley, Jr. and I am a member of the law firm of Bingham McCutchen LLP. I am attorney of record for the Plaintiff Shanghai ELE Manufacturing Corporation ("ELE") in a case pending in the U.S. District Court for the Middle District of Florida, captioned Shanghai ELE Manufacturing Corporation v. Technology Research Corporation, No. 07-01007-JDW-MSS ("ELE-TRC Litigation"). I make this affidavit in support of ELE's Motion to Compel Compliance with Subpoena by Tower Manufacturing Corporation ("Tower").

2. On or about July 17, 2007, in connection with the ELE-TRC Litigation, counsel for ELE and counsel for Technology Research Corporation ("TRC") conducted a conference call as mandated by Fed. R. Civ. P. 26. During the Rule 26 conference call, TRC's counsel suggested that there was no need for a Markman hearing in the ELE-TRC Litigation because the key terms from the Patant-in-Suit, U.S. Patent No. No. 6,292,337 ("the '337 Patent"), had already been construed by the same Court in Technology Research Corporation v. Tower Manufacturing Corporation, M.D. Fla. No. 05-01455-RAL-TGW (the "TRC-Tower Litigation").

3. On or about August 13, 2007, counsel for ELE caused to be served upon Tower a subpoena *duces tecum*, a true copy of which is attached hereto as Exhibit A.

4. On or about August 30, 2007, counsel for ELE emailed counsel for Tower and provided Tower's counsel with a copy of the Stipulated Protective Order in the ELE-TRC Litigation. A true copy of ELE's August 30 email with accompanying Stipulated Protective Order is attached as Exhibit B.

5. On or about August 31, 2007, Tower served its written response to ELE's subpoena, a true copy of which is attached hereto as Exhibit C.

6. On or about September 17, 2007, counsel for ELE sent an email to Tower's counsel narrowing the scope of the subpoena by requesting ten sub-categories of the documents related to the TRC-Tower Litigation. A true copy of ELE's September 17 email is attached hereto as Exhibit D.

7. On or about September 25, 2007, counsel for Tower sent a letter to ELE's counsel and stated that, subject to its objections, Tower was willing to produce (1) "responsive Markman and summary judgment briefs and exhibits filed under seal;" (2) "responses to TRC's interrogatories to the extent responsive;" (3) "responsive expert reports;" (4) "responsive transcripts of Tower witnesses and accompanying exhibits;" (5) "Tower's prior art to the '337 Patent." A true copy of Tower's September 25 Letter is attached hereto as Exhibit E.

8. On or about October 10, 2007, counsel for ELE received Tower's document production. Tower only produced its Responsive Claim Construction Brief, Tower's Interrogatory Responses, Tower's technical expert reports on claim construction and non-infringement, Tower's damages expert report, the deposition transcript of Tower's technical expert and select prior art references. Other than the prior art references, each of the handful of documents produced were redacted, some so heavily that almost no substantive information remained. Further, Tower failed to produce any of the summary judgment briefs.

9. On or about October 12, 2007, counsel for ELE sent a letter to Tower's counsel and explained why ELE believes the subpoenaed documents are relevant and not protected from

disclosure. Further, to alleviate any burden on Tower whatsoever, instead of having Tower produce documents, ELE proposed that Tower simply send a letter to TRC authorizing TRC to produce documents designated "confidential" or "highly confidential" by Tower in the TRC-Tower Litigation. A true copy of ELE's October 12 Letter is attached hereto as Exhibit F.

10. Tower rejected ELE's offer proposed in the October 12 Letter, refused to put the production burden on TRC and maintained its refusal to produce the subpoenaed documents.

11. A true copy of TRC's Sur-Reply Brief in Opposition to Tower's Motion for Summary Judgment in the TRC-Tower Litigation is attached hereto as Exhibit G.

12. A true copy of TRC's Interrogatory Response to ELE's Interrogatory No. 5 is attached hereto as Ex. H.

Signed this 26th day of October 2007 under the pains and penalties of perjury.

Lawrence T. Stanley, Jr.

CERTIFICATE OF SERVICE

I certify that, on this 26th day of October, 2007, I served a copy of this Affidavit upon the following counsel for Tower Manufacturing Corporation:

Bruce W. Gladstone, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

(Via Courier)

John J. Cotter, Esq.
Kilpatrick Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(Via Federal Express Delivery)

[signature]