AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHANGHAI ELE MANUFACTURING CORPORATION, a Chinese corporation<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY RESEARCH CORPORATION, a Florida corporation,<br><br>Defendant. | Case No. 8:07-cv-01007-JDW-MSS<br>Judge James D. Whittemore |

## PRODUCTION SUBPOENA

TO: **Keeper of the Records**
**Tower Manufacturing Corporation**
**25 Reservoir Avenue**
**Providence, RI 02907**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (**See Attached Exhibit A for list documents or objects**):

| | DATE AND TIME |
|---|---|
| Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA 02110 | August 27, 2007<br>9:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| Attorney for Plaintiff Shanghai ELE Manufacturing Corp. | 8/13/07 |

Issuing Officer's Name, Address, and Phone Number:
Joshua M. Dalton
Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110 (617) 951-8284

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)
AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A TO PRODUCTION SUBPOENA**

**DEFINITIONS**

As used herein:

A. The terms "you," "your," "yours" or "Tower" refer to Tower Manufacturing Corporation and shall include its parent entities, subsidiary entities, affiliated entities, officers, directors, employees, representatives, agents, or attorneys..

B. The term "TRC" refer to defendant Technology Research Corporation and shall include its parent entities, subsidiary entities, affiliated entities, officers, directors, employees, representatives, agents, or attorneys..

C. The term "Shanghai ELE" shall mean plaintiff Shanghai ELE Manufacturing Corporation and shall include its parent entities, subsidiary entities, affiliated entities, officers, directors, employees, representatives, agents, or attorneys.

D. The term "'337 Patent" shall mean and refer to U.S. Patent No. 6,292,337.

E. The term "related patents/applications" as used herein in connection with a given patent shall mean (a) any U.S. or foreign patent or patent application related to the given patent or its application(s) by way of subject matter or claimed priority date; (b) all parent, divisional, continuation, continuation-in-part, reissue, reexamination, extension, and foreign counterpart patents and applications; and (c) any patent or patent application filed by one or more of the same applicant(s) (or assignees) that constitutes or refers to any of the application(s) that led to issuance of the given patent.

F. The term "Leakage Current Detection Interrupter" or "LCDI" means any power delivering system having power and return lines and an electrical circuit in which a power switch is opened in the event that leakage or arcing current is detected.

G. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes anything coming

within the definition of "writings" and "recordings" in Federal Rule of Evidence 1001, including but not limited to electronically stored files or data. A draft or non-identical copy is a separate document within the meaning of this term.

H. The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

I. The term "prior art" shall be construed in accordance with the meaning given that term in Title 35, United States Code, and interpretations thereof provided by the federal judiciary.

J. The term "related to" shall mean referring to, concerning, describing, evidencing, or constituting.

K. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents and things that might otherwise be construed to be outside the scope.

L. The term "each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

**DOCUMENTS REQUESTED**

1. All documents and things related to any charge of infringement of the '337 Patent or any related patents/applications made by TRC against Tower, and all documents related to any subsequent negotiations or communications related to any such charge.

2. All documents and things related to any litigation, arbitration, mediation, settlement, or any dispute or adversarial proceeding related to the '337 Patent and any related patents/applications, including without limitation all discovery requests, written discovery responses, document productions (both from parties and in response to formal or informal third-party discovery such as a subpoena *duces tecum*), deposition transcripts (from both party depositions and Rule 45 depositions), Markman briefs, Markman exhibits, expert resports, summary judgment briefs and summary judgment exhibits in connection with Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455-RAL-TGW (M.D. Fla.).

3. All documents and things related to the '337 Patent.

4. All documents and things related to the validity, invalidity, or scope of the '337 Patent, or any claim thereof.

5. All documents and things related to the enforceability or unenforceability of the '337 Patent.

6. All documents and things related to prior art searches conducted concerning the '337 Patent.

7. All documents and things related to any prior art or potential prior art to the '337 Patent.

8. All documents constituting and related to any license agreements, including sublicense and cross-license agreements, to the '337 Patent and any related patents/applications.

9. All documents related to royalty rates and amounts of other consideration paid pursuant to any license agreement, including sublicense and cross-license agreements, to the '337 Patent and any related patents/applications.

10. All documents and things related to the '337 Patent as it pertains to Shanghai ELE.

11. All documents referencing Shanghai ELE in the context of the Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455-RAL-TGW (M.D. Fla.) litigation.

12. All documents and things related to TRC.