**Stanley, Lawrence T., Jr.**

---

**From:** Dalton, Joshua M.
**Sent:** Thursday, August 30, 2007 8:43 AM
**To:** 'larissa.bifano@klgates.com'
**Cc:** Polk, Victor H., Jr.; Chen, Tony D.; Stanley, Lawrence T., Jr.
**Subject:** shanghai ele/trc--tower subpoena
**Attachments:** Dkt. 28-2 Exhibit 1 to Joint Motion.pdf; Dkt. 28 Joint Motion for Protective Order.pdf

Larissa:

In connection with Shanghai ELE's subpoena to Tower, a response to which is due tomorrow, I wanted to advise you that the Court in the Shanghai ELE v. TRC matter today entered an order granting the parties' joint motion for entry of a protective order (both attached). As you will see in Paragraph 1, the Protective Order governs the production of potentially confidential information by both parties and non-parties. We trust this will address those confidentiality concerns you expressed earlier, and Tower should of course feel free to produce documents responsive to the subpoena in a manner consistent with this Order.

Please feel free to call if you have any questions.

Rgds.

-Josh

Joshua M. Dalton
*Partner*
T 617.951.8284
F 617.951.8736
josh.dalton@bingham.com

BINGHAM
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

*The information in this transmittal (including any attachments) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify me immediately at (617) 951-8000.*

---

**From:** cmecf_flmd_notification@flmd.uscourts.gov [mailto:cmecf_flmd_notification@flmd.uscourts.gov]
**Sent:** Monday, August 27, 2007 11:01 AM
**To:** cmecf_flmd_notices@flmd.uscourts.gov
**Subject:** Activity in Case 8:07-cv-01007-JDW-MSS Shanghai Ele Manufacturing Corporation v. Technology Research Corporation Motion for protective order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**Middle District of Florida**

## Notice of Electronic Filing

The following transaction was entered by Conwell, George on 8/27/2007 at 10:44 AM EDT and filed on 8/27/2007

**Case Name:** Shanghai Ele Manufacturing Corporation v. Technology Research Corporation
**Case Number:** 8:07-cv-1007
**Filer:** Technology Research Corporation
Shanghai Ele Manufacturing Corporation
**Document Number:** 28

**Docket Text:**
Joint MOTION for protective order by Technology Research Corporation, Shanghai Ele Manufacturing Corporation. (Attachments: # (1) Exhibit 1 Proposed Joint Protective Order)(Conwell, George) Motions referred to Magistrate Judge Mary S. Scriven.

**8:07-cv-1007 Notice has been electronically mailed to:**

William C. Bergmann wbergmann@bakerlaw.com, npaine@bakerlaw.com

George Donovan Conwell , Jr dconwell@csklawfirm.com, cskalla@csklawfirm.com, lwolf@csklawfirm.com, mgreco@csklawfirm.com, Seschrich@csklawfirm.com, wkirkpatrick@csklawfirm.com

Conrad J. DeWitte , Jr cdewitte@bakerlaw.com

Daniel Robert Frijouf frijouf@frijouf.com, dan@frijouf.com

Robert F. Frijouf bob@frijouf.com

Gayle Wrede Kirkpatrick wkirkpatrick@csklawfirm.com, cskalla@csklawfirm.com, dconwell@csklawfirm.com, mgreco@csklawfirm.com, seschrich@csklawfirm.com

Victor H Polk vic.polk@bingham.com

Kenneth J. Sheehan ksheehan@bakerlaw.com, brasmussen@bakerlaw.com

Lawrence T. Stanley lawrence.stanley@bingham.com

Dineen Pashoukos Wasylik dwasylik@csklawfirm.com, cskalla@csklawfirm.com, dconwell@csklawfirm.com, mgreco@csklawfirm.com, mylegalresearch@gmail.com, seschrich@csklawfirm.com, wkirkpatrick@csklawfirm.com

**8:07-cv-1007 Notice has been delivered by other means to:**

Tony D. Chen

Bingham McCutchen
Water Garden
1620 26th St., 4th Floor
Santa Monica, CA 90404-4060

Penny M. Costa
Baker & Hostetler
333 S. Grand Ave. Sutie 1800
Los Angeles, CA 90071-1523

Joshua M. Dalton
Bingham McCutchen LLP
150 Federal St.
Boston, MA 02110

Marshall B. Grossman
Alschuler Grossman Stein & Kahan
Water Garden - North Tower
1620 26th St., 4th Floor
Santa Monica, CA 90404-4060

William J. O'Brien
Alschuler Grossman Stein & Kahan
Water Garden - North Tower
1620 26th St., 4th Floor
Santa Monica, CA 90404-4060

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=8/27/2007] [FileNumber=4510680-0
] [a3f3ddf5d798810167355ef8f0d88998c983590f84b2ecd5740e52187474097e750
9f211abbd06e6a3ca254072335f634d7b263f175ebea04ee45530dbe8b762]]
**Document description:**Exhibit 1 Proposed Joint Protective Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=8/27/2007] [FileNumber=4510680-1
] [738608834357595a95860a346caf503796101b8d59b845b6d63091041962895c5fe
37f00fb112c0e53a1b85b2c2ea7c516b39e23b8414dbbd407e1622f92149f]]

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANGHAI ELE MANUFACTURING CORPORATION, a Chinese corporation,

Plaintiff,

v.

CASE NO: 8:07-cv-01007-JDW-MSS

TECHNOLOGY RESEARCH CORPORATION, a Florida corporation,

Judge James Whittemore

Defendant.

______________________________ /

**JOINT MOTION FOR PROTECTIVE ORDER**

COME NOW, Plaintiff, SHANGAI ELE MANUFACTURING CORPORATION ("Plaintiff"), and Defendant, TECHNOLOGY RESEARCH CORPORATION ("Defendant"), pursuant to Federal Rule of Civil Procedure 26(c), jointly move this Court for entry of the Stipulated Protective Order attached hereto as Exhibit 1 as a binding order of this Court. As grounds for this motion, the Parties state as follows:

1. As they respond to discovery, the Parties seek to establish a mechanism protecting their confidential and proprietary business, operating, and personal information from unnecessary disclosure and enabling this litigation to proceed orderly and efficiently.

2. Pursuant to Local Rule 3.01(g), the Parties have conferred and agree that the attached executed Stipulated Protective Order is the best means to protect such interest.

3. To ensure that their rights are fully protected and enforceable under the attached agreement, the Parties seek entry of the same as a binding order of this Court.

WHEREFORE, the Parties respectfully request that their Joint Motion for Entry of Stipulated Protective Order be granted and that the Court endorse and enter the agreement attached hereto as Exhibit 1 as an order of this Court.

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 5 of 24

SHANGHAI ELE MANUFACTURING CORPORATION

By: */s/G. Donovan Conwell, Jr.*

Joshua M. Dalton
Massachusetts Bar No.: 636402
Victor H. Polk
Massachusetts Bar No: 110679
Lawrence T. Stanley
Massachusetts Bar No: 657381
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726
(617) 951-8262; fax: (617) 951-6377
Email: josh.dalton@bingham.com
vic.polk@bingham.com
Lawrence.stanley@bingham.com

G. Donovan Conwell, Jr.
Florida Bar No: 371319
G. Wrede Kirkpatrick
Florida Bar No: 984116
Dineen Pashoukos Wasylik
Florida Bar No: 0191620
Conwell, Sukhia & Kirkpatrick, PA
2701 North Rocky Point Drive, Suite 1200
Tampa, FL 33607
(813) 282-8000; fax: (813) 282-8800
dconwell@csklawfirm.com
wkirkpatrick@csklawfirm.com
dwasylik@csklawfirm.com
***Attorneys for Plaintiff***

TECHNOLOGY RESEARCH CORPORATION

By: */s/William C. Bergmann*

William C. Bergmann
Kenneth J. Sheehan
Bar No: 380304
Conrad J. DeWitte, Jr.
Bar No.: 496161
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington DC 20036
Tel: (202) 861-1549; fax: (202) 861-1783
Email: wbergmann@bakerlaw.com
Email: cdewitte@bakerlaw.com
Email: ksheehan@bakerlaw.com

Robert F. Frijouf
Fla. Bar No. 0177903
David A. Frijouf
Fla. Bar No. 0554251
Daniel R. Frijouf
Fla. Bar No. 0682306
FRUJOUF, RUST & PYLE, P.A.
201 E. Davis Blvd. (Davis Islands)
Tampa, Fl 33606-3787
Tel: 813-254-5100; fax: 813-254-5400
Email: bob@frijouf.com
dan@frijouf.com
dave@frijouf.com
***Attorneys for Defendant***

DATED: August 23, 2007.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Penny M. Costa, Esq.,** Baker & Hostetler, 333 S. Grand Avenue, Suite 1800, Los Angeles, CA 90071-1523; **William C. Bergmann, Esq.,** Baker & Hostetler, 1050 Connecticut Avenue NW, Suite 100, Washington, DC 20036; and **Robert F. Frijouf, Esq., David A. Frijouf, Esq., Daniel R. Frijouf, Esq.,** FRIJOUF, RUST & PYLE, P.A., 201 E. Davis Blvd. (Davis Islands), Tampa, Fl 33606-3787 this 23rd day of August, 2007.

*/s/ G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANGHAI ELE MANUFACTURING CORPORATION, a Chinese corporation,

Plaintiff,

v.

CASE NO: 8:07-cv-01007-JDW-MSS

TECHNOLOGY RESEARCH CORPORATION, a Florida corporation,

Judge James Whittemore

Defendant.

_________________________________ /

**STIPULATED PROTECTIVE ORDER**

The plaintiff, Shanghai ELE Manufacturing Corporation ("Shanghai ELE"), and the defendant, Technology Research Corporation ("TRC"), have agreed that certain information, documents and things subject to discovery in this action may be claimed to contain sensitive, non-public information and/or to contain confidential, proprietary, or trade secret information. In the interest of expediting discovery and permitting discovery to proceed without delay occasioned by possible disputes regarding claims of confidential information, the parties have further agreed to provide access to and to receive such information, documents and things subject to certain protective provisions set forth below.

Subject to approval of the Court, it is hereby stipulated that:

1. Designation of Documents and Things as Confidential. With respect to such matter that has been or will be sought or produced during discovery, the Producing Party[1] may

[1] "Producing Party" is defined to include parties as well as nonparty persons or entities subject to discovery in this action. The provisions of this Protective Order shall fully apply to information, documents or things designated "Confidential" or "Confidential – Attorneys' Eyes Only."

(continued…)

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 8 of 24

identify or otherwise designate such matter as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (a/k/a "HIGHLY CONFIDENTIAL") (collectively, "Designated Material"). Information, documents, and things that a Producing Party in good faith believes constitutes or contains nonpublic, confidential or proprietary information, may be designated as "CONFIDENTIAL." Information, documents and things that a Producing Party in good faith believes constitutes or contains proprietary, trade secret and/or other sensitive confidential research, development, business, commercial or financial information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the Producing Party, may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2. Treatment of Information Made Available for Inspection. Any and all information, documents and things that are made available for inspection shall be treated as having been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, whether or not so marked, until copies of the information, documents and things are requested and produced. Produced documents and things, and information therein, shall be held pursuant to this Protective Order based on the designation, if any, marked on the documents by the Producing Party.

3. Uses of Confidential Information. Any information, documents or things designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by a Producing Party shall be used by the Discovering Party[2] solely for the preparation and trial of this lawsuit,

---

[2] "Discovering Party" is defined to mean any party to this action receiving information, documents or things from a Producing Party.

settlement discussions and negotiations in connection with this lawsuit, or any form of alternative dispute resolution of this action, and for no other purpose.

4. Identification of Documents and Things: All documents and things provided in discovery by each Producing Party shall bear identifying numbers when a copy or copies are provided to the Discovering Party. The party producing the documents and things shall be clearly identified by identifying numbers and/or letters stamped on the documents or things pursuant to this Section 4.

5. "Confidential" Information – Permitted Disclosure. Information, documents and things designated as "CONFIDENTIAL" by a Producing Party in accordance with Section 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

a. the Court and court personnel;

b. outside counsel for the Discovering Party, including trial counsel, local counsel, and their respective legal assistants and clerical employees, as well as outside copying and computer services;

c. outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of paragraph 7.b. below;

d. any person who is an author, addressee, or who has been identified as a person who has received the designated document or thing;

e. court reporting and deposition videography services and other third party vendors who provide document management, database, graphics or other litigation support services in connection with this action;

f. any other person employed or otherwise retained by a Discovering Party who has acknowledged adherence to the terms of this Order without objection or after Order of the Court following compliance with the procedures set forth in paragraph 7.a. below.

6. <u>"Confidential – Attorneys' Eyes Only" Information – Permitted Disclosure</u>. Information, documents and things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Producing Party in accordance with Section 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

a. the Court and court personnel;

b. outside counsel for the Discovering Party, including outside trial counsel and local counsel, and their respective legal assistants and clerical employees, as well as outside copying and computer services, provided that such attorneys shall not be provided access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information if such attorneys

(1) currently participate in, direct or supervise any patent prosecution activity involving Leakage Current Protection Technology ("the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" materials covered by this order will not participate in, direct or supervise any

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 11 of 24

patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter, or

(2) other than counsel of record, to whom this exception does not apply, currently provide non-legal, business advice or non-legal, business representation to clients in the Leakage Current Protection industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the Leakage Current Protection industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or representation.;[3]

c. outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of paragraph 7.b. below;

d. any person who is an author, addressee, or who has been identified as a person who has received the designated document;

---

[3] The restrictions set forth in subsections 6(b)(1) and 6(b)(2) shall also apply retroactively to attorneys to whom "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials covered by this order were disclosed pursuant to Local Rule 26.2 prior to the entry of this protective order.

e. court reporting and deposition videography services and other third party vendors who provide document management, database, graphics or other litigation support services in connection with this action; and

f. any other Person as to whom the Producing Party agrees in writing.

7. Requirements for Disclosure to Certain Designated Persons / Experts.

a. Each individual to whom CONFIDENTIAL material is to be disclosed pursuant to subsection 5.f. above, shall acknowledge in writing prior to such disclosure, by signing the Acknowledgement attached hereto, that he or she has been informed of this Protective Order, that he or she has been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order, that he or she fully understands that the intentional or willful violation of the terms of the Stipulation and Order may constitute contempt of court; that he or she fully understands that a violation of terms of the Stipulation and Order may subject the offending party to civil damages and equitable relief and that he or she consents to the personal jurisdiction of the United States District Court for the Middle District of Florida in respect to any proceeding relative to enforcement of this Stipulation and Order, including any proceeding relative to contempt of court. Signed copies of such acknowledgments shall be served on counsel for the Producing Party by the Discovering Party prior to such disclosure. It shall be the obligation of the Discovering Party and its counsel to obtain and maintain copies of such acknowledgments. If no objection to the disclosure is made by the Producing Party in writing and received by the Discovering Party within ten (10) days after service of the signed acknowledgement of a specific individual, disclosure of CONFIDENTIAL information to such individual by the Discovering Party may occur. If there is any such objection, however, such disclosure shall not occur except upon further Order of the

Court or the written agreement between the parties. Notwithstanding the foregoing, at a court hearing or deposition, a witness's failure to certify the above in writing shall not prevent any Party from questioning such a witness with respect to CONFIDENTIAL information or from disclosing Confidential Information to such a witness (and to his or her counsel) during the course of the court hearing or deposition for the purpose of conducting such questioning.

b. The following provisions shall apply to the disclosure of Designated Material to an Expert pursuant to subsections 5.c. or 6.c. above:

(1) Not less than ten (10) days prior to the disclosure of Designated Material to an Expert, the party contemplating such disclosure shall give written notice to the Producing Party. The required Notice shall include at least the following information: the full name and business address of the Person to whom the Party proposes to make disclosure; the Person's curriculum vitae, resume, or other document identifying, at a minimum, the Person's post-secondary educational degrees, current employer and title/position, and any titled positions currently held by such person with industrial or trade organizations; and identification of each of the Person's employers, positions with such employers, and consulting clients over the preceding five (5) years. If the Person believes that the fact of the consulting relationship is itself confidential, the required Notice may be marked "Confidential" or "Confidential – Attorney's Eyes Only" in accordance with section 1, above. Identification of a Person pursuant to this subparagraph shall not, itself, give rise to a right to depose the Person as an expert or consultant.

(2) Such Expert shall acknowledge in writing, by signing the Acknowledgement attached hereto, that he or she has been informed of this Protective

Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order. A copy of such acknowledgment shall be served on counsel for the Producing Party along with the written notice provided for in subsection 7.b.(1).

(3) If the Producing Party does not object in writing within ten (10) days after service of the written notice and acknowledgment, disclosure of the Designated Material to such individual may occur. If the Producing Party objects to the proposed disclosure, whether in whole or in part, the Producing Party shall state the reason(s) for its objection(s) in writing. If the Producing Party objects to the proposed disclosure, the Parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis. If the Parties are unable to resolve the dispute expeditiously and informally, the Producing Party shall apply for appropriate ruling(s) from the Court no later than 30 days after receiving the Notice. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the Producing Party of its objections and approval of the proposed disclosure. Notwithstanding the Producing Party's obligation to seek appropriate ruling(s) from the Court, the Party proposing to make the disclosure also may seek appropriate ruling(s) from the Court. No party shall oppose a motion made pursuant to this subparagraph on the ground that the motion is made on an expedited basis. While any such timely filed motion is pending, and during the interim between a timely filed objection and the timely filing of a corresponding motion, the Party seeking to make the proposed disclosure shall refrain from so doing. The Producing Party shall bear the burden of demonstrating that

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 15 of 24

disclosure of the Material and information to the proposed non-party expert or consultant would prejudice the Producing Party.

8. Requirements for Disclosure to Individuals Generally. All individuals to whom Designated Material is to be disclosed, except for counsel for all parties other than the Producing Party, including trial counsel, local counsel, and their respective legal assistants and clerical employees, shall acknowledge in writing prior to such disclosure, by signing the Acknowledgement attached hereto, that he or she has been informed of this Protective Order, that he or she has been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order, that he or she fully understands that the intentional or willful violation of the terms of the Stipulation and Order may constitute contempt of court; that he or she fully understands that a violation of terms of the Stipulation and Order may subject the offending party to civil damages and equitable relief and that he or she consents to the personal jurisdiction of the United States District Court for the Middle District of Florida in respect to any proceeding relative to enforcement of this Stipulation and Order, including any proceeding relative to contempt of court. All individuals to whom Designated Material is to be disclosed shall be instructed that Designated Material may not be used other than in connection with this litigation, and may not be disclosed to anyone other than those persons authorized by this Protective Order, court reporters recording testimony in this case and necessary notarizing officers. Counsel for all parties other than the Producing Party shall take reasonable steps to ensure adherence to the terms and conditions of this Protective Order by their respective stenographic and clerical employees. Notwithstanding the foregoing, at a court hearing or deposition, a witness's failure to certify the above in writing shall not prevent any Party from questioning such a witness with respect to Designated Material or from disclosing

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 16 of 24

Designated Material to such a witness (and to his or her counsel) during the course of the court hearing or deposition for the purpose of conducting such questioning.

9. Non-Testifying Experts. To the extent a designated individual to whom Designated Material may be disclosed pursuant to subsections 5.c. or 6.c. of this Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

a. No party will be deemed to have waived any work-product privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Designated Material.

b. No non-testifying Expert disclosed pursuant to subsection 7.b will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has independent knowledge of facts relevant to the case.

c. Counsel's consultation with a non-testifying Expert will not be used at deposition or trial for any purpose, including the cross-examining of any witness or testifying Expert.

d. The identity of a non-testifying Expert disclosed pursuant to subsection 7.b may be disclosed to counsel and employees of the Producing Party only to the extent necessary to determine if an objection to the proposed disclosure is warranted. Such disclosure, the process of determining the necessity of an objection and the process of making an objection, including affidavits filed in support of such an objection, will not be the subject of depositions or used at trial for any purpose.

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 17 of 24

e. Nothing in this Section 9 is intended to limit discovery of to or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

10. Designation of Interrogatory Answers or other Written Discovery Responses. In the case of interrogatory answers or other written discovery responses disclosing Confidential Information, designation shall be made by placing one of the following legends on each page of such answer: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

11. Designation of Deposition Testimony. For depositions taken in this litigation, a party may designate testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so advising the court reporter during the course of that testimony for which CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY treatment is desired, or by so advising opposing counsel in writing within thirty (30) days of receipt of the transcript. Until such thirty (30) days have expired, the entire transcript shall be treated as having been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12. Designation of Documents Filed in Court. Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Designated Material shall be filed with the Court pursuant to Local Rule 1.09.

13. Use and Disclosure of Designated Material.

a. No Designated Material may be utilized in examining or cross-examining any witness in deposition except a witness authorized to see the Designated Material under Sections 5 or 6, or any witness who is at the time of deposition or was at the time of the creation of the material, employed by the party producing the document and reasonably likely to have discoverable information concerning the material; provided, however, that

the resulting transcripts shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in the same manner as the underlying documents or information.

b. If any party wishes to disclose any Designated Material to anyone in addition to those identified in Sections 5 and 6, notice shall be served on counsel for the party who designated the subject matter. The notice shall include the identity of the person to whom disclosure is desired, the information to be disclosed, the need and purpose for the disclosure, and a signed copy of the Acknowledgement attached hereto (as duly executed by that person). If there is no objection made in writing within ten (10) days after such notice, the disclosure may occur. If there is any such objection, such disclosure shall not occur except upon further Order of the Court or by written agreement of the party making such objection.

14. Disclosure at Trial. This Protective Order is intended to facilitate discovery and pretrial preparation by protecting from disclosure Designated Material produced in this case during the pretrial phases of the litigation. This Order does not concern the protection of Designated Material during a trial in this matter. Prior to trial of this matter, counsel for the parties shall attempt to reach agreement on the handling of information, documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

15. Limitations on Restrictions. The restrictions of this Protective Order shall not apply to any information which in the future is made known to the Discovering Party on a non-confidential basis by the Producing Party, or which is otherwise subsequently made known to the

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 19 of 24

Discovering Party on any basis by any source other than the Producing Party, which source is completely independent of the Discovering Party; further, said restrictions shall not apply to any information which the Discovering Party shall establish was already known to it at the time of disclosure, or has been or becomes a matter of public knowledge, or publicly available, subsequent to disclosure through no act of the Discovering Party.

16. Prohibited Use of Designated Material. Subject to the provisions of Section 15, regardless of the classification of documents and things as Designated Material or non-confidential, no documents or things produced by either party in connection with this litigation, and no information contained therein, shall be used by a Discovering Party in connection with marketing efforts, press releases or news conferences relating to this litigation without the prior, express written consent of the Producing Party.

17. Limited Intent of Protective Order. It is not the intention of this Protective Order to deal with any discovery objection to produce, answer or respond, including those on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief, modification of this Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18. Challenging a Confidential Designation. At any time, the Discovering Party may notify the Producing Party, in writing, of an objection to the designation of certain information, documents or things by identifying each document or thing which the Party contends is not protectable as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and stating why it believes each document or thing is not protectable. No later than ten business days after the Producing Party's receipt of such Notice, the Parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis. If the parties are

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 20 of 24

unable to reach an agreement on the disputed confidential designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Producing Party shall respond with its reasons for making the designation. The party claiming confidentiality bears the burden of establishing the confidential nature of the information. As provided by law, other third parties with a legitimate interest in this litigation may also challenge the designation of certain information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to this Section 18.

19. Inadvertent Disclosure. A Producing Party that inadvertently produces unlabeled confidential information may subsequently furnish substitute copies properly labeled to the Discovering Party, along with written notice that such information is CONFIDENTIAL or CONFIDENTIAL -- ATTORNEYS' EYES ONLY. The Discovering Party must treat such information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, whatever the case may be, upon receipt of such written notice and promptly return all copies of the information not so-designated.

20. Termination of this Action. This Stipulation and Order, insofar as it restricts the dissemination and use of Designated Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. Within sixty (60) days after final disposition of this litigation, including all appeals therefrom, all Designated Material, copies of Designated Material, and all excerpts therefrom, in the possession, custody or control of the parties other than the Producing Party shall be destroyed or returned to counsel for the Producing Party. The parties and their respective counsel shall each provide written certifications to the Producing Party within sixty (60) days after the final disposition of this litigation that the actions required by this paragraph have been completed. Notwithstanding the foregoing, outside counsel

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 21 of 24

for each Party shall be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Designated Material), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Designated Material contained or referenced in such materials to any person except pursuant to court order or agreement with the Producing Party.

21. Miscellaneous. (a) Nothing in this Stipulation and Order shall bar or otherwise restrict any outside counsel or in-house counsel from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Designated Material provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Designated Material to any person not entitled to have access to it. (b) Nothing in this Stipulation and Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." (c) The provisions of this Stipulation and Protective Order shall survive the termination of this litigation. (d) The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto. If a Producing Party has inadvertently produced Material subject to a claim of immunity or privilege, the receiving Party(ies), upon written request, shall promptly return the inadvertently produced Material, and all copies thereof that may have been made. A Party

returning such information may move the Court for an order compelling production of such information (1) on grounds other than waiver by its earlier production, or (2) on grounds that the Producing Party did not act promptly to request return of the documents subject to a claim of privilege upon discovering the inadvertent production and that return of the documents would unfairly prejudice the receiving party. If upon receipt of a written request to return allegedly inadvertently produced material subject to a claim of privilege, the receiving party notifies the Producing Party in writing of its intent to file a motion on ground (2) above, the receiving party shall retain the right to keep copies of the disputed documents for solely for purposes of filing the motion, but may make no further use of the documents until the motion is decided by the Court

DONE AND ORDERED THIS _________ day of __________, 2007

UNITED STATES DISTRICT COURT JUDGE

Case 1:07-mc-00076-S-DLM Document 1-5 Filed 10/29/2007 Page 23 of 24

STIPULATED AND AGREED TO:

SHANGHAI ELE MANUFACTURING CORPORATION

By: /s/Joshua M. Dalton

Joshua M. Dalton
Massachusetts Bar No.: 636402
Victor H. Polk
Massachusetts Bar No: 110679
Lawrence T. Stanley
Massachusetts Bar No: 657381
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726
(617) 951-8262; fax: (617) 951-6377
Email: josh.dalton@bingham.com
vic.polk@bingham.com
Lawrence.stanley@bingham.com

G. Donovan Conwell, Jr.
Florida Bar No: 371319
G. Wrede Kirkpatrick
Florida Bar No: 984116
Dineen Pashoukos Wasylik
Florida Bar No: 0191620
Conwell, Sukhia & Kirkpatrick, PA
2701 North Rocky Point Drive, Suite 1200
Tampa, FL 33607
(813) 282-8000; fax: (813) 282-8800
dconwell@csklawfirm.com
wkirkpatrick@csklawfirm.com
dwasylik@csklawfirm.com
***Attorneys for Plaintiff***

TECHNOLOGY RESEARCH CORPORATION

By: /s/ William C. Bergmann

William C. Bergmann
Kenneth J. Sheehan
Bar No: 380304
Conrad J. DeWitte, Jr.
Bar No.: 496161
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington DC 20036
Tel: (202) 861-1549; fax: (202) 861-1783
Email: wbergmann@bakerlaw.com
Email: cdewitte@bakerlaw.com
Email: ksheehan@bakerlaw.com

Robert F. Frijouf
Fla. Bar No. 0177903
David A. Frijouf
Fla. Bar No. 0554251
Daniel R. Frijouf
Fla. Bar No. 0682306
FRUJOUF, RUST & PYLE, P.A.
201 E. Davis Blvd. (Davis Islands)
Tampa, Fl 33606-3787
Tel: 813-254-5100; fax: 813-254-5400
Email: bob@frijouf.com
dan@frijouf.com
dave@frijouf.com
***Attorneys for Defendant***

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHANGHAI ELE MANUFACTURING CORPORATION,

Plaintiff,

v.

TECHNOLOGY RESEARCH CORPORATION,

Defendant.

Case No: 8:07-CV-1007-T-27MSS

**ACKNOWLEDGMENT**

I, ______________________________, acknowledge that I have been provided a copy of and have read the Protective Order entered in the above-identified actions and that I fully understand and agree to my obligations pursuant to that Protective Order. Under threat of penalty of contempt, I agree to be bound by the terms of the Protective Order, and consent to the jurisdiction of the United States District Court for the Middle District of Florida for all purposes relating to enforcement of the Protective Order.

DATE: _______________ ______________________________