# K&L GATES LLP

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617.261.3100
Fax: 617.261.3175

# FAX

Date • August 31, 2007

Pages • 6 to follow this fax cover sheet

Time •

Transmit To • Joshua Dalton

Company/Firm • Bingham McCutchen LLP

Telephone No. •

Fax No. • 617.951.8736

From • Larissa S. Bifano

Phone • 617.951.9139

Secretary • Sheila E. Sweeney

Phone • 617.951.9117

Attorney No. • 5209

Client/Matter Name

Client ID/Matter No. • 0522045/00107

COMMENTS:

When you are sending to us, please be sure to include a cover sheet with your transmittal and a telephone number where you can be contacted in case of equipment malfunction.

Transmitted by: Time:

IMPORTANT: The materials transmitted by this facsimile are sent by an attorney or his/her agent, and are considered confidential and are intended only for the use of the individual or entity named. If the addressee is a client, these materials may also be subject to applicable privileges. If the recipient of these materials is not the addressee, or the employee or agent responsible for the delivery of these materials to the addressee, please be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at 617.951.9140 (collect) and return the transmitted materials to us at the above address via the U.S. Postal Service. We will reimburse you any costs incurred in connection with this erroneous transmission and your return of these materials. Thank you. Please report problems with reception by calling 617.951.9140.

BOS-1115352 v1

K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

T 617.261.3100 www.klgates.com

August 31, 2007

Larissa S. Bifano
D 617.951.9139
F 617.261.3175
larissa.bifano@klgates.com

**VIA FACSIMILE**

Mr. Joshua Dalton
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Re: Shanghai ELE Manufacturing Corporation v. Technology Research Corporation
M.D. Fla. Case No. 8:07-01007-JDW-MSS

Dear Mr. Dalton:

Tower Manufacturing Corporation ("Tower") objects to the subpoena duces tecum ("Subpoena") issued to Tower by Shanghai ELE Manufacturing Corporation ("Shanghai ELE") on August 13, 2007. In support of its objections, Tower states as follows:

**General Objections:**

- Tower is not a party to the above-referenced litigation. Most of the documents identified in the subpoena appear to be documents in the custody and/or possession of the parties to the pending litigation, particularly Technology Research Corporation ("TRC"). As such, Tower objects to the subpoena as seeking to impose an undue burden on Tower.

- Tower objects to each of the Requests to the extent each Request seeks to require Tower to produce documents that are subject to the attorney-client privilege or attorney work product doctrine on the ground that such documents are privileged and protected from disclosure.

- Tower objects to each of the Requests to the extent each Request seeks to require Tower to produce documents or information of TRC or third parties, access to which is protected by the protective order entered in the Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.) action.

K&L|GATES



- Tower objects to each of the Requests to the extent each Request seeks to require Tower to produce documents in violation of the confidentiality provisions of the settlement agreement between Tower and TRC.
- Tower objects to each of the Requests to the extent each Request seeks to require Tower to produce documents inconsistent with, or beyond the scope of the Federal Rules of Civil Procedure.
- Tower objects to each of the Requests to the extent each Request calls upon Tower to produce "any" and "all" documents on the grounds that such demands are overbroad and seek to impose an undue burden upon Tower.
- Tower objects to each of the Requests to the extent that production of documents, including electronic information, requires undue burden and cost to Tower as a non-party.
- Tower objects to each of the Requests to the extent each Request requires Tower to perform legal or other analysis to determine whether a document or information supports or refutes any purported claim asserted by any party to the subject litigation.
- Tower objects to the time and location of the requested production.
- Tower objects to each of the Requests to the extent each Request seeks the production of documents and things that are a matter of public record and therefore equally accessible and available to Shanghai ELE through an examination of the public record, on the grounds that providing such documents would be unduly burdensome, unreasonably expensive, would require an unreasonable investigation on the part of Tower, or would reveal protected work product of Tower.

**Specific Objections**

Tower incorporates by reference each of the foregoing general objections as if set forth fully in each response to the individually numbered Requests. Subject to and without waiving any of the objections above or below, Tower responds as follows:

**Definitions:**

Tower objects to the following definitions contained in Shanghai ELE's Subpoena, because they are over-broad, vague, ambiguous, and/or require Tower to consult with or respond on behalf of

K&L|GATES



third parties, thus rendering development of a response to the Subpoena oppressive, unduly burdensome, and unreasonably expensive and requiring an unreasonable investigation.

A. Tower objects to Shanghai ELE's definition of "Tower" to the extent that the inclusion of "officers, directors, representatives, agents, or attorneys" is overly broad and unduly burdensome. Tower further objects to the definition of "Tower" to the extent that the definition includes attorneys engaged by Tower on the ground that the communications and correspondence between the attorneys and Tower are privileged and protected from disclosure by reason of attorney-client privilege and/or work product doctrine.

B. Tower objects to the definition of "TRC" to the extent that the inclusion of "parent entities, subsidiary entities, affiliated entities, officers, directors, employees, representatives, agents, or attorneys" is overly broad, unduly burdensome, and vague and includes entities not known to Tower.

C. Tower objects to the definition of "Shanghai ELE" to the extent that the inclusion of "parent entities, subsidiary entities, affiliated entities, officers, directors, employees, representatives, agents, or attorneys" is overly broad, unduly burdensome, and vague and includes entities not known to Tower.

E. Tower objects to the definition of "related patents/applications" to the extent that the inclusion of "any U.S. or foreign patent application related to the given patent or its application(s) by way of subject matter... [and] any patent or patent application filed by one or more of the same applicant(s) (or assignees) that constitutes or refers to any of the application(s) that led to the issuance of the given patent" is overly broad, unduly burdensome, and vague.

F. Tower objects to the definition of "LCDI" as overly broad, unduly burdensome, and vague.

I. Tower objects to the definition of "prior art" as overly broad, vague, and requiring Tower to form a legal conclusion as to whether or not a specific reference can be deemed prior art according to this definition.

J. Tower objects to the definition of "related to" to the extent the definition calls for any inference and/or speculation on the grounds that the definition is improper, irrelevant, overly broad, unduly burdensome, and vague.

K&L|GATES



**Requests:**

Tower responds to the Requests in Shanghai ELE's Subpoena as follows:

1. Tower objects to this Request on the grounds that the Request is overly broad, vague, and unduly burdensome. Tower also objects on the grounds that the documents requested are subject to the attorney-client privilege, the work product privilege, and the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.). Tower also objects on the ground that any negotiations between Tower and TRC are confidential. Tower further objects on the ground that the phrasing "any charge of infringement" and "any related patents/applications" is vague, overly broad, irrelevant, and unduly burdensome. Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

2. Tower objects to this Request on the ground that the Request is overly broad, vague, and unduly burdensome. Tower objects to the extent that the phrase "[a]ll documents and things concerning any litigation, arbitration, mediation, settlement, or any dispute or adversarial proceeding related to the '337 Patent and any related patents/applications" is vague, overly broad, and unduly burdensome. Tower also objects on the ground that any documents related to arbitration, mediation and settlement between Tower and TRC are confidential and protected by confidentiality provisions between Tower and TRC. Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

3. Tower objects to this Request to the extent that "all documents and things related to the '337 Patent" is vague, overly broad, and unduly burdensome. Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

4. Tower objects to this Request on the ground that the Request is vague, overly broad, and unduly burdensome. Tower objects on the grounds that the documents requested are subject to the attorney-client privilege, the work product privilege, and the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.). Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

K&L|GATES



5. Tower objects to this Request on the grounds that the documents requested are subject to the attorney-client privilege, the work product privilege, and the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.). Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

6. Tower objects to this Request on the ground that the phrase "prior art searches" is vague, overly broad, and unduly burdensome. Tower further objects on the grounds that the documents requested are subject to the attorney-client privilege, the work product privilege, and the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.). Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

7. Tower objects to this Request to the extent the term "any prior art" is vague, overly broad and unduly burdensome. Tower objects to the term "potential prior art" as vague and ambiguous and therefore fails to specify the information sought with sufficient clarity to allow a response to this portion of the Request. Tower further objects on the grounds that the documents requested are subject to and protected by the attorney-client privilege, the work product privilege, and the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.). Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

8. Tower objects to this Request on the grounds that the terms of any license agreement with TRC is highly confidential, is not relevant to the claim or defense of any party, and is not calculated to lead to the discovery of admissible evidence. Tower further objects to this Request on the grounds that the documents requested are subject to the attorney-client privilege, the work product privilege, the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.), and confidentiality provisions imposed by the license agreement(s) and/or settlement agreement(s). Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

9. Tower objects to this Request on the grounds that the terms of any license agreement between Tower and TRC is highly confidential, is not relevant to the claim or defense of any party, and is not calculated to lead to the discovery of admissible evidence. Tower further objects to this Request on the ground that the

K&L|GATES



phrase "[a]ll documents related to royalty rates and amounts of other consideration paid pursuant to any license agreement, including sublicense and cross-license agreements, to the '337 Patent and any related patents/applications" is vague, overly broad, and unduly burdensome. Tower also objects to this Request on the ground the documents requested are subject to the attorney-client privilege, the work product privilege, the protective order entered in Technology Research Corporation v. Tower Manufacturing Corporation, Civ. No. 05-01455 (M.D. Fla.), and confidentiality provisions imposed by the license agreement(s) and/or settlement agreement(s). Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

10. Tower objects to this Request as the phrase "[a]ll documents and things related to the '337 Patent as it pertains to Shanghai ELE" is vague, overly broad, and unduly burdensome.

11. Tower objects to this Request as it is vague, overly broad, unduly burdensome, and unrelated to the pending litigation and therefore fails to specify the information sought with sufficient clarity to allow a response. Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

12. Tower objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and undefined by any particular and reasonable length of time and therefore fails to specify the information sought with sufficient clarity to allow a response. In addition, Tower objects to this Request on the grounds that it is overly broad and unduly burdensome because it calls for all documents relating to TRC generally and not the subject matter at issue in the pending litigation. Tower further objects that the documents covered by this request can be obtained from a party to the litigation, TRC.

Please do not hesitate to contact me if you would like to discuss Shanghai ELE's subpoena or Tower's objections.

Very truly yours,

Larissa Bifano

Larissa S. Bifano

cc: Bruce W. Gladstone, Esq.
William C. Bergmann, Esq.