# Exhibit A

**to**

## TRC'S MOTION FOR LEAVE TO FILE A TWO-PAGE SURREPLY TO TOWER'S MOTION FOR SUMMARY JUDGMENT

## TRC's Surreply Brief

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TECHNOLOGY RESEARCH CORP.<br><br>Plaintiff,<br><br>v.<br><br>TOWER MANUFACTURING CORP. and FEDDERS CORP.,<br><br>Defendants. | Civil Action No. 8:05-cv-1455-RAL-TGW |

**TRC'S SURREPLY TO TOWER'S MOTION FOR SUMMARY JUDGMENT**

TRC files this surreply brief to address several misleading statements made by Tower in its reply brief. Tower argues that TRC's expert witness, Dr. Eisenstadt, has completely changed his infringement theory in view of the Courts claim construction ruling. (Tower Reply at 1). This is hardly the case. First, Tower completely ignores Dr. Eisenstadt's opinion that Tower's LCDI infringes under the doctrine of equivalents. Neither this opinion, nor any of the underlying bases for it, have changed throughout this litigation. Second, his literal infringement analysis remains largely unchanged. He has always stated that the test button works in combination with the other portions of the circuit in order to check the integrity of the sensing lead. This is not a "complete reversal" as Tower argues in it Reply at p.6.

Third, Dr. Eisenstadt has never excluded the combination of the reset button, LED, and solenoid as comprising a test circuit. Rather, as a technical (and not legal) expert, he initially found a test circuit in Tower's LCDI consisting of the test switch. He did not look for additional infringing structures until after the Court ruled that the claimed test circuit must be different than the sensing lead integrity checking means. Upon examining Tower's LCDI in view of the Court's ruling and the deposition of Tower's chief engineer (taken after the claim construction

hearing), he found that it still infringed TRC's patent. There is nothing inappropriate about this and nothing in any of his earlier reports contradicts his supplemental opinion.

Tower also states that discovery has been completed in this case, that they are prejudiced by Dr. Eisenstadt's supplemental expert report, and that case law supports the drastic action of precluding him from supplementing his opinion in view of the Court's claim construction ruling. (Tower Reply at 1-3). All three of these assertions are wrong. Discovery in this case is ongoing, as counsel for Tower well knows. The parties have agreed to continue it past the discovery deadline pursuant to the Middle District Discovery (2001) at I.F.1. <u>See</u> attachment 1 to this brief. Four more depositions are scheduled to be taken in this case, and TRC would not oppose a request by Tower to depose Dr. Eisenstadt on the contents of his supplemental report should they ask. Tower is not prejudiced in any manner by this.

In addition, the parties <u>jointly</u> moved to schedule the claim construction hearing before depositions occurred. This necessarily meant that the parties' experts would <u>not</u> have the benefit of the depositions of key fact witnesses, such as Tower's chief engineer (Chepur Rao), when they filed their initial expert reports. Tower cannot now complain that TRC's expert has reviewed the recent testimony of Tower's chief engineer and has supplemented his expert report in view of it. This was to be expected in view of the parties' proposed schedule.

Finally, supplementation of expert reports routinely occurs after a court has ruled on claim construction issues and this case is no exception. <u>See</u> <u>Cybor Corp. v. FAS Techs., Inc.</u>, 138 F.3d 1448, 1474 n.2, point 4 (Rader dissenting)(observing that in response to <u>Markman</u>, parties often seek to submit revised expert reports in response to a court's claim construction). Tower's expert will have to modify his opinion as it was based on a flawed claim construction. Despite this, Tower neglected to provide a supplemental expert report from Dr. Keim in either its summary judgment motion or reply brief. If any party is prejudiced at this point it is TRC.

Case 1:07-mc-00076-S-DLM Document 1-10 Filed 10/29/2007 Page 4 of 4

Respectfully submitted,

Date: December 4, 2006

/s/ Conrad J. DeWitte, Jr.

William C. Bergmann, *pro hac vice*
Kenneth J. Sheehan, *pro hac vice*
Conrad J. DeWitte, Jr., *pro hac vice*
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

Robert F. Frijouf
Florida Bar No. 0177903
Daniel R. Frijouf
Florida Bar No. 0682306
FRIJOUF, RUST & PYLE, P.A.
201 East Davis Boulevard
(Davis Islands)
Tampa, Florida 33606-3787
Phone: 813-254-5100
Facsimile: 813-254-5400
bob@frijouf.com
dan@frijouf.com

ATTORNEYS FOR PLAINTIFF
TECHNOLOGY RESEARCH
CORPORATION