**EXHIBIT A**

Case 8:05-cv-01455-RAL-TGW Document 31 Filed 02/24/2006 Page 1 of 15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TECHNOLOGY RESEARCH CORP.<br><br>Plaintiff,<br><br>v.<br><br>TOWER MANUFACTURING CORP. and FEDDERS CORP.,<br><br>Defendants. | Civil Action No. 8:05-cv-1455-RAL-TGW |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Technology Research Corporation ("TRC") and defendants Tower Manufacturing Corporation ("Tower") and Fedders Corporation ("Fedders") (collectively, "the parties"), anticipate that discovery in this action will require the production of documents and things and testimony that contains confidential, sensitive, and/or proprietary information requiring protection against unrestricted disclosure and use. In the interest of expediting discovery and limiting disputes regarding access to such information, the parties hereby stipulate that they will provide access to such information under the following terms, subject to the approval of the Court.

**IT IS HEREBY ORDERED as follows:**

1. This Order shall be applicable to and govern without limitation all information, things, or documents (or portions thereof) produced or disclosed in connection with this action, including, without limitation, responses to document requests, subpoenas, pleadings, answers to interrogatories, depositions, exhibits, motions, briefs, pretrial orders, stipulations, responses to

requests for admissions, and all other discovery taken, including testimony adduced at trial, and matters in evidence before the Court, that any party or any third party (herein referred to as the "Designating Party") produces or discloses.

2. The parties recognize that different categories exist, with varying degrees of sensitivity, with respect to information which will be produced in the course of this litigation. For purposes of this Order, such categories shall be designated and treated as follows:

(A) Non-Confidential Information. Non-Confidential information is information for which the entity producing the information does not assert any sensitivity with respect to its future dissemination. Information so produced will bear no stamp identifying it as subject to this Productive Order and the party receiving it is not in any way restricted in its future dissemination or use.

(B) Confidential Information. Confidential Information is non-public information used in, or pertaining to, an entity's business which that entity takes reasonable efforts to keep confidential or which the entity is otherwise required to keep confidential by agreement or by law. Such information may include, by way of example and not limitation, financial, marketing, technical, licensing, research and development, or other commercial information.

In designating information as Confidential Information, a party (including third-parties producing such information) will make such designation only as to materials which that party in good faith believes constitute such materials as used by it in, or pertaining to, its business, which material is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

Case 8:05-cv-01455-RAL-TGW Document 31 Filed 02/24/2006 Page 3 of 15

3. The term "Protected Information" shall mean all categories of information other than that which is Non-Confidential Information. In this action the only category of Protected Information is Confidential Information.

4. Protected Information shall be designated and marked as follows:

a. *Documents*: All documents produced in this litigation, whether voluntarily or in response to a discovery request, Court order, subpoena duces tecum, or a request for admission, as well as any exhibits, motions, briefs, pretrial orders, stipulations, and any information contained therein, may be designated as Protected Information by placing the following legend, or an equivalent thereof, on any such document prior to production, service, or filing: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Such legend shall be placed on each page containing Protected Information.

b. *Magnetic Media Documents*: Where documents are produced in a magnetic media (such as floppy diskette, tape, or digital memory), the disk, cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in ¶5(a) above. To the extent any of the information contained on such media is printed, such printouts shall be marked as described in ¶5(a) above by the printing party.

c. *Physical Exhibits*: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it "CONFIDENTIAL MATERIAL OF [Designating Party]."

d. *Partial Designations*: In the case of information incorporated in answers to interrogatories or in responses to requests for admissions, the appropriate legend shall be placed on each page on which such answer or response is listed.

e. *Deposition Proceedings*: Designations of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within twenty (20) business days after counsel's receipt of the transcript. Upon designation of the transcript on the record during the deposition, that portion of the deposition shall continue only if all persons present for that portion are allowed to have access to said Protected Information under the terms of this Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain confidential information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the deponent's counsel, to the Court, and to counsel for the parties bound by the terms of this Order.

During the first twenty (20) business days after receipt of a deposition transcript, the transcript shall be treated as Protected Information under the terms of this Order. If the transcript has not been designated as containing Protected Information during the deposition, within twenty (20) business days after receipt of the deposition transcript, counsel shall make any such designations by sending written notice to the Court Reporter and to counsel for the parties. The notice shall reference this Order and identify the pages and/or exhibits so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this Order.

5. Materials designated "CONFIDENTIAL" may be disclosed only to the following persons:

a. Retained outside counsel of record to any party to this action, and attorneys, legal assistants, and clerical employees working under the supervision of such counsel;

b. The parties' independent expert(s), but only to the extent that: (1) the Designating Party is given notice of the identity and the curriculum vitae of such expert ten (10) business days in advance of the proposed disclosure of Protected Information; (2) the Designating Party has not, within the ten (10) business day period, objected to disclosure of its Protected Information to such expert, which objection shall not be unreasonably made; and (3) the expert has executed the Acknowledgement and Agreement to be bound by the terms of this Order in the form attached hereto as Exhibit A. If an objection is made, no disclosure of Protected Information shall be made until the parties resolve the matter, the objection is withdrawn, or the Court grants a motion permitting disclosure;

c. Any person from whom testimony is taken, provided that (i) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (ii) such documents or information were produced by or obtained from such persons or their employer;

d. The Court in this proceeding and Court personnel;

e. Persons employed by litigation support service companies who are employed to assist said attorneys, such as independent document copiers, graphics artists, and jury consultants, provided that such persons are provided with a copy of this Protective Order and agree not to disclose to others not bound by this Order any Protected Information to which they are given access; and

f. Any other person to whom the Designating Party first either (i) agrees in writing or (ii) agrees on the record during a deposition.

6. When the consent of a party is required for disclosure under this Order, the party from whom consent is required will ensure, before refusing to consent, that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

7. Each person to whom Protected Information is to be made available, except persons described in paragraphs 6(a), (c), (d), (e) and (f), shall be provided with a copy of this Order and shall first acknowledge in writing that they have reviewed the terms of this Order by executing the ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE TERMS OF THE PROTECTIVE ORDER ("ACKNOWLEDGEMENT") attached as Exhibit A. Such signed ACKNOWLEDGEMENT shall be retained by counsel for the parties and shall be available for inspection by the Court upon request. Counsel for the Designating Party must be notified in writing ten (10) business days before any Protected Information is provided or disclosed to any of the persons described in paragraphs 6(b) or 6(f)(i), to enable the Designating Party to object thereto or seek Court intervention. Similar acknowledgements shall be obtained and maintained with respect to Protected Information materials provided by third parties. The persons receiving materials designated Protected Information are prohibited from disclosing such materials, or information contained therein, to any person, except in conformance with this Order.

8. Each individual who agrees to abide by the terms of the Protective Order agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performances under, compliance with, or violations of this Order.

9. The recipient of any materials designated Protected Information provided under the terms of this Order shall maintain such information and materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such information.

10. Protected Information shall not be made available to any person except as authorized under this Order. Protected Information may be used only for the purposes of prosecution or defense of claims asserted in this action and for no other purpose whatsoever. In no event shall any person receiving Protected Information use it for commercial or competitive purposes or make any public disclosure of the contents thereof. However, nothing contained in this Order shall affect the right of the Designating Party to disclose information designated solely by the Designating Party under this Order.

11. Protests of the designation of Protected Information will occur only as follows:

a. If a party believes that material designated Protected Information is not in fact the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation, specifying by page and line number, if possible, the specific material subject to the notice. The parties shall first try to resolve such dispute in good faith.

b. If the parties are unable to resolve their dispute, then the party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested material is properly designated under this Order.

In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

12. Inadvertent Disclosures.

a. If a Designating Party inadvertently discloses to a receiving party any document, thing, or information containing information that it deems confidential without designating it as Protected Information, the Designating Party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing, or information as Protected Information under this Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Order, the receiving party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to limit any further disclosure to non-authorized persons.

b. If a Designating Party inadvertently discloses to a receiving party information that is privileged, protected under the work-product doctrine, or otherwise immune from discovery, said Designating Party producing said information shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and unless a court order deems the privilege or immunity waived, no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of the earliest of (1) discovery by the receiving party of the inadvertent production, or (2) receiving a written request for the return of such item or items of information, except that the receiving party may retain sufficient

Case 8:05-cv-01455-RAL-TGW Document 31 Filed 02/24/2006 Page 9 of 15

copies to enable it to challenge the extension of any privilege or immunity over such items or copies. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of such documents in accordance with the Federal Rules of Civil Procedure.

13. Submissions of Protected Information to the Court shall only be as follows:

a. A party who lodges or files any paper, pleading, or exhibit containing, discussing, describing, or constituting Protected Information shall state on the first page of the paper, pleading, or exhibit containing such Protected Information that it contains Protected Information and is submitted under seal. All documents or papers filed in opposition or reply to any sealed motion or document, which opposition or reply discusses, describes, or quotes any portion of the contents of such sealed motion or document, shall itself be filed under seal.

b. In addition to the designations described in (a) above, any party who lodges or files any paper, pleading, or exhibit containing Protected Information shall submit it to the Court in a sealed envelope which shall bear the caption of this case, including the case number, and a legend as follows:

**CONFIDENTIAL – FILED SUBJECT TO COURT PROTECTIVE ORDER ENTERED IN THIS ACTION.**

**THE PAPERS CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO THE PROTECTIVE ORDER.**

14. This Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in full force and effect

until modified, superceded, or terminated on the record by agreement of the parties or by order of the Court. This Order may be amended without leave of Court by agreement of the parties in the form of a stipulation that shall be filed with the Court.

15. Adherence to this Order in no way constitutes an admission by any party that any information provided in this action and not subject to this Order is not proprietary or confidential. Conversely, adherence to this Order in no way constitutes an admission by any party that any information provided in this action subject to this Order is proprietary or confidential.

16. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

17. None of the restrictions set forth in this Order shall apply to any information which: (1) has been lawfully obtained by a party before this Order is entered; (2) as a matter of written record was independently developed by the receiving party; (3) is acquired in good faith from a third party who is not a party or an employee or former employee of a party to this action and who has the right to make such disclosure and was not required to hold such information in confidence; or (4) was, is, or becomes public knowledge by means not in violation of the provisions of this Order, and not involving wrongful disclosure by a third party, or a party to this action.

Case 8:05-cv-01455-RAL-TGW Document 31 Filed 02/24/2006 Page 11 of 15

18. Except as provided below, within sixty (60) days after entry of a final, non-appealable judgment concluding this litigation, all originals and copies of Protected Information (other than material provided to the Court or Court personnel) shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel; or alternatively, at the option of the Producing Party and at that party's expense, a party may request all Protected Information it produced be returned for its own disposition. Except for Protected Information included in counsel's work product which is securely stored, all extracts from Protected Information, summaries, and compilations thereof, and all written, graphic, and recorded versions of information therein shall be destroyed by each recipient of the material and a certificate of their destruction shall be provided by the Designating Party. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation to maintain the confidentiality of all Protected Information received pursuant to this Order.

19. After the entry of a final, non-appealable judgment concluding this litigation, counsel of record may retain one copy of all Protected Information produced under this Order. Such copy shall be maintained in a secured storage facility and not disclosed to anyone outside of counsel of record's firm. If a subpoena or other compulsory process is received by counsel of record requesting such Protected Information, counsel of record retaining the copy of Protected Information shall object to the production of the Protected Information based on the obligations of non-disclosure under this Order, and shall notify the Designating Party so that party may intervene if it so chooses and seek protection of its Protected Information in the forum that issued the compulsory process.

20. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

21. The terms of this Order shall apply to all confidential documents or material produced or disclosed by third parties in connection with this action.

22. Each party hereto reserves the right to apply to the Court to modify the terms of this Order in the event that the party reasonably believes that it is necessary. In the event such application is made, all persons described herein shall be bound by this Order until it is modified by the Court.

**AGREED AND APPROVED AS TO FORM:**

Respectfully submitted,

By /s/ William C. Bergmann
William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036

Robert F. Frijouf
Florida Bar No. 0177903
Daniel R. Frijouf
Florida Bar No. 0682306
FRIJOUF, RUST & PYLE, P.A.
201 East Davis Boulevard
(Davis Islands)
Tampa, Florida 33606-3787

ATTORNEYS FOR PLAINTIFF
TECHNOLOGY RESEARCH CORP.

Dated: February 24, 2006

Respectfully submitted,

By /s/ John J. Cotter
John J. Cotter
Jason P. Fiorillo
Karen A. Schouten
Kirkpatrick & Lockhart Nicholson
Graham LLP
75 State Street
Boston, Massachusetts 02109

Daniel A. Casey
April L. Boyer
Kirkpatrick & Lockhart Nicholson
Graham LLP
Miami Center, Suite 2000
201 South Biscayne Boulevard
Miami, Florida 33131

ATTORNEYS FOR DEFENDANTS
TOWER MANUFACTURING CORP.,
and FEDDERS CORP.

Dated: February 24, 2006

**IT IS SO ORDERED** this 27 day of February, 2006.

Judge Richard A. Lazzara

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY RESEARCH CORP.<br><br>Plaintiff,<br><br>v.<br><br>TOWER MANUFACTURING CORP. and FEDDERS CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 8:05-cv-1455-RAL-TGW |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**
**BY THE TERMS OF THE STIPULATED PROTECTIVE ORDER**

I, ________________________________, hereby certify that I have read and am fully familiar with the provisions of the Stipulated Protective Order entered in this action on ______ ___________ (date), hereinafter referred to as the "Protective Order."

Before reviewing or handling any documents or other materials containing Protected Information, I hereby agree to observe and comply with all of the provisions of the Protective Order. I understand that Protected Information and my notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such information.

At the conclusion of my involvement in this litigation I agree to return all materials containing Protected Information, and documents or things that I may prepare relating thereto, to counsel of record for the party by whom I was retained, at counsel's request, unless counsel directs me to return such materials to the party which produced them or to destroy such materials.

I hereby submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______________________________ (date)

______________________________

(Signature)