UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHANGHAI ELE MANUFACTURING CORPORATION, Movant, | : | |
| v. | : | MC 07-076 S |
| TOWER MANUFACTURING CORPORATION, Respondent. | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION TO COMPEL**
**COMPLIANCE WITH SUBPOENA**

This miscellaneous matter came before the Court on November 21, 2007, for a hearing on the motion of Shanghai ELE Manufacturing Corporation ("ELE") to compel Tower Manufacturing Corporation ("Tower") to comply with a subpoena. See Shanghai ELE Manufacturing Corporation's Motion to Compel Compliance with Subpoena by Tower Manufacturing Corporation ("Motion" or "Motion to Compel"). The subpoena was issued by this Court in connection with a patent infringement case pending in the U.S. District Court for the Middle District of Florida, Shanghai ELE Manufacturing Corporation v. Technology Research Corporation, No. 07-01007-JDW-MSS (the "ELE-TRC Litigation"). See id. at 1. By the subpoena, ELE seeks documents concerning a prior litigation between Tower and Technology Research Corporation ("TRC") over the same patent at issue in the ELE-TRC Ligation ("the '337 Patent"[1]). See id. at 1-2; see also Technology Research Corp. v. Tower Manufacturing Corp., M.D. Fla. No. 05-01455-RAL-TGW (the "TRC-Tower Litigation"). ELE contends that the documents are directly relevant to questions of claim construction, infringement, validity, and damages in the ELE-TRC Litigation.

[1] U.S. Patent No. 6,292,337.

See Motion at 1.

## Background

The subpoena duces tecum was issued on August 13, 2007. See Shanghai ELE Manufacturing Corporation's Memorandum of Law in Support of Its Motion to Compel Compliance with Subpoena by Tower Manufacturing Corporation ("ELE Mem.") at 3. Tower responded by sending a letter to ELE's counsel on August 31, 2007, objecting to all of the requests contained in the subpoena. See Affidavit of Lawrence T. Stanley, Jr. ("Stanley Aff."), Exhibit ("Ex.") C at 2 (Letter from Bifano to Dalton of 8/31/07). Among the grounds cited for the objection were that the requested documents were irrelevant and confidential to Tower and that the requests were unduly burdensome and unduly prejudicial. See id. Although ELE and Tower communicated a number of times in an effort to resolve their differences relative to the subpoena, they were ultimately unsuccessful in doing so.[2] See ELE Mem. at 3-5. On October 29, 2007, ELE filed the instant Motion to Compel. See Docket. Tower filed its objection on November 15, 2007. See id.

---

[2] As a result of these communications, Tower produced some documents to ELE. The degree to which this production satisfies ELE's requests is disputed. ELE complains that Tower failed to follow through with its production commitments and "only produced its Responsive Claim Construction Brief, Tower's Interrogatory Responses, Tower's technical expert reports on claim construction and non-infringement, Tower's damages expert report, the deposition transcript of Tower's technical expert and select prior art references." Shanghai ELE Manufacturing Corporation's Memorandum of Law in Support of Its Motion to Compel Compliance with Subpoena by Tower Manufacturing Corporation ("ELE Mem.") at 4. ELE further complains that "[o]ther than the prior art references, each of the handful of documents produced were redacted, some so heavily that almost no substantive information remained." Id. On the other hand, Tower contends that it "already has produced to Shanghai ELE over 600 pages of responsive confidential and non-confidential information as required by the Federal Rules and the subpoena." Tower's Objection to Shanghai ELE's Motion to Compel Compliance with Subpoena ("Tower Objection") at 1. Tower posits that it "should not be required to produce anything more." Id.

**Discussion**

ELE has narrowed the scope of its subpoena to ten subcategories of documents relating to the TRC-Tower Litigation.[3] See ELE Mem. at 3; see also Tape of 11/21/07 Hearing. ELE states that these documents are entirely within the possession of Tower's counsel. See ELE Mem. at 3.

Tower argues that the Motion should be denied because ELE has failed to establish that the documents sought are relevant and necessary in the underlying ELE-TRC action in Florida. See Tower's Objection to Shanghai ELE's Motion to Compel Compliance with Subpoena ("Tower Objection") at 1. Tower additionally

---

[3] The ten subcategories of documents are:

(1) All Markman briefs with exhibits;

(2) All summary judgment briefs with exhibits;

(3) All interrogatory responses (including any supplemental responses);

(4) All expert reports including referenced documents;

(5) All depositions and deposition exhibits;

(6) Any prior art search reports that were produced by either party;

(7) All prior art that was either produced or located by either party;

(8) The Tower/TRC settlement agreement/license and all documents related to its negotiation;

(9) Any other agreements/licenses/etc related to the TRC '337 [P]atent and documents related to their negotiation; and

(10) Confirmation that Tower did not possess any documents relating to the '337 Patent as it pertains to Shanghai ELE or any documents referencing Shanghai ELE in the context of the [TRC-Tower] litigation.

Motion at 1-2.

argues that even if ELE could establish that the documents are relevant and necessary in the underlying action, ELE should be required to first compel discovery from TRC before burdening Tower, a non-party. See Tower Objection at 4. Because the Court finds this last argument to be dispositive, it is unnecessary to discuss Tower's other objections.

Federal Rule of Civil Procedure 26(b)(2)(C) provides that a court may limit discovery if it determines that the discovery sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive ...." Fed. R. Civ. P. 26(b)(2)(C). Here it appears highly probable that all of the documents which ELE seeks are in the possession of TRC.[4] The need for discovery "is diminished when the information is available elsewhere." American Standard Inc. v. Pfeizer Inc., 828 F.2d 734, 743 (Fed. Cir. 1987). It is obviously desirable that to the extent possible the burdens of discovery should fall on the parties to the litigation and not on non-parties. In addition, by requiring ELE to seek the documents first in the Middle District of Florida, the court which has the greatest familiarity with the litigation will make the determinations regarding relevancy and need. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993)(affirming denial of discovery where district court held that movant should first attempt to obtain the documents sought from the opposing party); id. (noting district court's rationale that "any objections to the discoverability of such documents could then be ruled upon in the Northern District of Georgia, by the judge who is presiding

[4] To the extent that some documents (those in subcategories 6, 7, 9, and 10, see n.3) may not be within the possession of TRC, Tower has represented that it has already produced the documents requested or that it does not have (or cannot locate) them, see Tape of 11/21/07 Hearing; see also Affidavit of Lawrence T. Stanley, Jr. ("Stanley Aff."), Exhibit ("Ex.") E (Letter from Bifano to Dalton of 9/25/07) at 2.

over the underlying case"); cf. Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1212-13 (Fed. Cir. 1987)("A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder.'")(quoting Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961)).

ELE indicated at the hearing that it has already asked TRC to provide the information and that TRC responded that the protective order which had been entered in the TRC-Tower Litigation prevented TRC from doing so. See Tape of 11/21/07 Hearing; see also ELE Mem. at 5 n.1. ELE's counsel further complained, apparently because ELE has received a similar response from Tower (at least as to some documents), that "they're playing keep away." Tape of 11/21/07 Hearing. The Court understood this statement to mean in essence the following. When ELE seeks to obtain the documents from TRC, it is told they cannot be released because of Tower. When ELE seeks to obtain the documents from Tower, it is told that they cannot be released because of TRC.

ELE also notes that as a means of alleviating any burden on Tower in connection with the subpoena it proposed that Tower send a letter to TRC, authorizing TRC to produce documents designated "confidential" or "highly confidential" by Tower in the TRC-Tower Litigation. See ELE Mem. at 5. ELE states that Tower rejected this proposal, notwithstanding ELE's repeated assurances that such documents would receive the same confidentiality protection that they had received in the TRC-Tower Litigation pursuant to a protective order that had already been issued in the ELE-TRC Litigation. See id. Thus, ELE implies that it is pointless to require ELE to first seek production from TRC because it will encounter objections in Florida similar to those which Tower has

raised here, thereby continuing the game of "keep away."

The Court does not agree. ELE has yet to seek to compel production of these documents from its opponent, TRC. The fact that TRC is likely to claim that the protective order which was entered in the TRC-Tower Litigation prevents TRC from producing the documents without Tower's permission is not a reason to excuse ELE from this requirement. The protective order specifically addresses TRC's duty if information subject to the protective order is sought by way of subpoena or other compulsory process. See Tower Mem., Ex. A (Stipulated Protective Order in the TRC-Tower Litigation) ¶ 19. The protective order requires that TRC's counsel object to the production of the protected information and notify Tower so that Tower may intervene if it chooses to do so and seek protection in the Florida court. See id. The protective order does not abrogate or diminish TRC's legal obligation to comply with any order which may be issued by the Florida court relative to the documents. In other words, if the Florida court determines that the documents which Tower has objected to producing should be produced by TRC, they must be produced notwithstanding their designation pursuant to the protective order as "confidential" or "highly confidential" or Tower's objection to such production.

**Conclusion**

In sum, this Court concludes that Rule 26(b)(2)(C) and applicable case law instruct that ELE's Motion to Compel should be denied because it has not sought to compel production of these documents from its opponent before seeking to compel their production from a nonparty in this forum. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993)(affirming denial of discovery and stating that "the district court could properly require [movant] to seek discovery from its party opponent before burdening the nonparty ... with this ancillary

proceeding"). Accordingly, for the reasons stated above, ELE's Motion to Compel is DENIED.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 28, 2007